IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lawrence M Terry,<br><br>                 Plaintiff,<br>    vs.<br><br>Progressive Direct Insurance Company;<br>Progressive Casualty Insurance Company;<br>AGERo, Inc.; The Hertz Corporation,<br><br>                Defendants. | Civil Action No. 3:25-13486-CMC<br><br><br>**ORDER** |

This matter is before the court on Plaintiff's *pro se* Amended Complaint bringing claims under the Americans with Disabilities Act ("ADA") and state law. Dkt. No. 8. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). Plaintiff has also filed a motion for preliminary injunction (Dkt. No. 12); a written clarification of the court's denial of ADA related accommodations (Dkt. No. 14); a motion for appointment of counsel (Dkt. No. 16); supplemental motion for temporary restraining order (Dkt. Nos. 17, 18) and for ADA accommodations (Dkt. No. 22).

On March 20, 2026, the Magistrate Judge issued a Report recommending the Complaint be summarily dismissed without prejudice and without issuance and service of process and that Plaintiff's outstanding motions be denied. ECF No. 23. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff timely filed a motion to appoint counsel and objections to the Report. ECF Nos. 28, 29.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff asserts he was involved in a car accident, after which Progressive initiated the claims process, including towing of Plaintiff's vehicle and authorization of a rental, but failed to complete the process. Dkt. at 8. As a result, the rental company (Hertz) repossessed the rental vehicle and billed Plaintiff for the cost. This was despite Plaintiff's notification to Defendants he had a disability, requested accommodations, demanded a billing freeze, and disputed coverage and rental liability. He alleges the following causes of action: (1) insurance bad faith against Progressive; (2) violations of the ADA; (3) negligence; (4) negligent infliction of emotional distress; (5) civil conspiracy; and (6) conversion. *Id.*

The Magistrate Judge found the facts in Plaintiff's Amended Complaint fail to support or forecast a plausible claim under the ADA, and recommended dismissal of this claim. Dkt. No. 23 at 4. She also recommended dismissal of the state law claims pursuant to 28 U.S.C. § 1367(c). *Id.* at 5. Finally, she denied the motion for written explanation of the ADA denial (Dkt. No. 14), the motion to appoint counsel (Dkt. No. 16), and the motion to supplement (Dkt. No. 18), and recommended denial of Plaintiff's motions for preliminary injunction (Dkt. Nos. 12, 17). As to the

2

motion for appointment of counsel, the Report denied the motion because the case is subject to summary dismissal for reasons that cannot be cured through more artful pleading. *Id.* at 7.

In response to the Report, Plaintiff filed another emergency motion for appointment of counsel. Dkt. No. 28. He notes he is "navigating multiple complex federal lawsuits" despite his previous cardiac arrest, traumatic brain injury, heart failure, and neurological trauma. He notes these conditions are "exacerbated by the stress of self-representation and repeated ADA accommodation denials." *Id.* at 2. He asserts his "cognitive, organization, and physical capacity" are substantially limited by his medical conditions, and he has sought counsel through outreach to private attorneys and pro bono panels but "no attorney has agreed to represent Plaintiff." *Id.* at 5. He requests the court appoint counsel "for all pending cases" and "consider a consolidated approach to allow counsel to coordinate across all cases efficiently." *Id.* He attached some medical documentation. Dkt. No. 28-2.

He also filed a document titled "response and objections" to the Report, noting he will not attempt to address the merits of the recommendations, but instead informs the court that due to "documented medical conditions and repeated denial of reasonable accommodations, he is presently unable to meaningfully understand or represent himself in these proceedings." Dkt. No. 29 at 1. He again details his medical conditions and contends his ability to understand legal issues, conduct research, respond to court orders, and prepare pleadings and objections is impaired. *Id.* at 2. He submits "repeated ADA accommodation requests have been denied or ignored," including extensions of time, ability to submit documents online, procedural assistance, clarification regarding rulings, and reasonable modifications due to medical impairments. *Id.* at 3. He requests

3

the court decline to adopt the Report, consider his motion for appointment of pro bono counsel, and allow counsel an opportunity to review the record and file appropriate responses. *Id.* at 5.

The Fourth Circuit has set forth the standard for appointment of counsel in civil cases: the district court has discretion to appoint counsel in civil cases and abuses discretion by declining to do so "where the case of an indigent person presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). The court must conduct a fact specific, two-part inquiry to assess whether a plaintiff presents exceptional circumstances before it decides whether to appoint counsel: whether the plaintiff (1) "has a colorable claim," and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff "lacks the capacity to present it." *Id.*

Here, the Magistrate Judge denied the previous motion for appointment of counsel. Plaintiff's request fails on the first prong, as he does not have a colorable claim for relief in federal court. His ADA claim does not allege facts sufficient to show how his requested accommodations of a "billing freeze," "email-only communication" and "one point of contact" would be reasonable or necessary accommodations for his disability, or that Defendants failed to accommodate his request for the email-only communication or one point of contact. The court doubts a "billing freeze" *could* be a reasonable accommodation for a disability related to a service provider. Accordingly, Plaintiff does not present a colorable claim under the ADA, his only federal claim alleged.

For the reasons above, the court denies Plaintiff's request for appointment of counsel (Dkt. No. 28). Plaintiff has acknowledged he presented no substantive objections to the Report,

4

including to dismissal of his claims. Therefore, the court reviewed the Report for clear error and, finding none, adopts the Report by reference in this Order.

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's motion for appointment of counsel and objections, the court agrees with the Report and adopts it. The court denies Plaintiff's motion for appointment of counsel (Dkt. No. 28) and dismisses this case without prejudice and without issuance and service of process. Plaintiff's remaining motions (Dkt. Nos. 12, 17) are denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 22, 2026

5